# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4853 | **DATE** | August 25, 2011 |
| **CASE TITLE** | Dan Tyrone Evans (#K-80821) vs. Cook County Dep't. of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for an extension of time [43], [46] are granted. Plaintiff shall have until October 6, 2011, to respond to Defendant's summary judgment motion. If a response is filed, Defendant shall have until October 20, 2011, to reply. Ruling will be by mail. Plaintiff's motion to file an amended complaint [44] is denied without prejudice. Plaintiff's motion to compel discovery responses [45] is granted. Defendant are directed to respond to Plaintiff's discovery requests within 21 days of the date of this order. In particular, Defendant Dart is directed to include with his responses, the name of the dentist, typewritten, who is the subject of Plaintiff's complaint.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

    Plaintiff, Dan Tyrone Evans (K-80821), is currently incarcerated at Logan Correctional Center. His 42 U.S.C. § 1983 suit names Cook County Sheriff Tom Dart as Defendant and an unidentified dentist referred to as John Doe. Plaintiff alleges deliberate indifference to his dental care in 2008 and 2009 – he asserts that dental treatment was unreasonably delayed and that the wrong tooth was then extracted in 2009.

    Currently before the court are: Defendant Dart's motion for summary judgment, Plaintiff's motions for an extension of time to respond to the summary judgment motion, Plaintiff's motion to compel responses to his discovery requests, and Plaintiff's motion to file an amended complaint. This is the second time Plaintiff has sought an extension of time to conduct discovery after the filing of the summary judgment motion and, for the second time, Plaintiff is correct that he is entitled to certain discovery responses to adequately respond to the summary judgment motion.

    Defendant Dart's summary judgment motion argues that Plaintiff did not administratively exhaust his claims and that there is no basis for an official capacity claim against Dart. (Doc. #34, Memorandum in Support of Summary Judgement Motion.) Plaintiff's discovery requests to Dart, for the most part, involve how the grievances are processed at the jail, as well as the availability of dental services, i.e. whether there are multiple dentists at the facility to address inmates' dental issues. (Doc. #45.) Plaintiff attaches to one of his pleadings a letter forwarded by defense counsel stating that counsel does not believe that Plaintiff can conduct discovery against Dart at this stage of the proceeding. (Doc. #43, Exh. A.) No discovery closing date has yet been set by the court. Nor does the motion for summary judgment address only the issue of exhaustion, such that the court could limit discovery simply to that issue. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Doss v. Gilkey*, 649 F.Supp.2d 905, 912 (S.D. Ill. 2009) (a district court may first resolve the issue of exhaustion of administrative remedies before proceeding to the merits of the claims). In any event, several of Plaintiff's discovery requests to Dart do involve Plaintiff's grievances, which are the subject of the summary judgment motion. Accordingly, the court grants Plaintiff's motion to compel and directs Defendant Dart to respond to Plaintiff's discovery requests within 21 days of the date of this order.

**STATEMENT**

One of Plaintiff's discovery requests is for the name of the dentist who is the subject of Plaintiff's claims. (*Id.* at Interrogatory #1.) Plaintiff's motion to amend his complaint includes dental records, which contain illegible signatures. (Doc. #45.) In August 2010, the court directed Defendant Dart to cooperate with Plaintiff in identifying the dentist. (Doc. #20.) A letter from Defendant included with Plaintiff's pleadings indicates that Plaintiff saw several dentists, and that Defendant Dart required additional information in order to identify the dentist who is the subject of Plaintiff's claims. (Doc. #44, Exh. F.) It thus appears that the parties have yet to resolve the issue of John Doe's identity. Plaintiff's first request for production of documents and first deposition question to Dart seeks the full name of "dentist John Doe that extracted my tooth on 6/4/09." (Doc. #45 at 2-3.) Dart should be able to determine from this information which dentist's identity is being sought and should provide Plaintiff with this dentist's name. Given the illegibility of the signatures of the documents submitted to the court, the court expects Defendant Dart's answer to be typewritten or printed.

Once Plaintiff receives the name of the dentist, Plaintiff should either file a motion to substitute that name for John Doe in the complaint or file an amended complaint that includes all of the Defendants he seeks to sue in this case. Plaintiff's current motion to amend, which neither includes an amended complaint nor the dentist's name, is denied.

Accordingly, for the reasons stated above, Plaintiff's motion to compel is granted. Defendant Dart is directed to respond to Plaintiff's discovery requests within 21 days of the date of this order, and should include the name of the dentist who extracted Plaintiff's tooth on June 4, 2009. Plaintiff is given until October 6, 2011, to respond to the motion for summary judgment. Defendant may reply by October 20, 2011.