# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4853 | **DATE** | 10/25/2011 |
| **CASE TITLE** | Dan Tyrone Evans vs. Cook County Dept. Of Corrections Dental Dept., et al | | |

**DOCKET ENTRY TEXT**

Telephone conference convened. Although Defendants' counsel understood the case was settled, Plaintiff disagrees. Plaintiff's motions to vacate the 9/23/11 dismissal order and to reinstate this case [59, 60] are granted. The portion of the 9/23/11 order dismissing this case without prejudice [57] is vacated, and the case is reinstated. Plaintiff's objection to Defendant's motion to strike Plaintiff's motion to compel [61] is denied. Plaintiff's second amended complaint [64] is allowed, and summons shall issue for Dentist Tom Provorovsky. Jury trial is set for March 26, 2012 at 9:30 a.m.. The parties are encouraged to continue their discussions of settlement. A further telephone conference is set for November 8, 2011, at 8:30 a.m., call to be initiated by Defendant's counsel. (For further details see minute order.)

■[ For further details see text below.]

Docketing to mail notices.

00:05

## STATEMENT

Telephone conference convened. Although Defendants' counsel understood the case was settled, Plaintiff disagrees. Plaintiff's motions to vacate the 9/23/11 dismissal order and to reinstate this case [59, 60] are granted. The portion of the 9/23/11 order dismissing this case without prejudice [57] is vacated, and the case is reinstated. Plaintiff's objection to Defendant's motion to strike Plaintiff's motion to compel [61] is denied; however, if answers to Plaintiff's deposition questions posed to John Mueller have not yet been answered, counsel for Defendant is instructed to provide Mueller's responses to Plaintiff within 30 days of the date of this order. Plaintiff's second amended complaint [64] is allowed, and summons shall issue for Dentist Tom Provorovsky.

Prior to dismissal of this action, Defendant had moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as required by the PLRA. Plaintiff insists he did pursue his administrative remedies, and the materials submitted by Defendant do not satisfy the court that there are no disputes of fact on this issue. It is undisputed that Plaintiff filed numerous grievances concerning dental care, but Defendant argues that Plaintiff nevertheless failed to exhaust his remedies because he did not appeal from the denial of those grievances. The exhibits Defendant has submitted, however, do not show that Plaintiff received any formal denial of his grievances nor any instruction that, should he want relief, he must file an appeal. Thus, for example, Exhibit 5 to the motion for summary judgment is a copy of a grievance filed by Plaintiff on October 21, 2008. Cook County's "referral and response" to the grievance reads as follows: "Referred to Div. Physician." As the court reads this language, it does not constitute a denial of the grievance, and does not otherwise provide Plaintiff with notice that he must file a further appeal in order to pursue that grievance.

Similarly, Exhibit 8 to Defendant's motion is a grievance filed by Plaintiff on September 25, 2009,

| STATEMENT |
|---|

concerning his ongoing need for dental care and oral surgery.  The institution's response to that grievance reads: "Referred to Patient Scheduling & Dental Services."  A plain reading of that notation suggests the matter had been referred and that Plaintiff could expect some further response.  Nothing about the language satisfies the court that Plaintiff was on notice that his grievance had in fact been denied and that he must perfect an appeal.  See also Exhibit 10 (response to grievance dated 11/23/09: "Referred to Dental & Administration").

      In short, the record does not establish that Plaintiff ever received a written ruling denying his grievances.  The statement that the grievances had been "referred" to some other authority instead suggests Plaintiff could expect some further resolution.  Defendant has offered no evidence that Plaintiff's grievances were ever formally denied, or that Plaintiff was ever advised that he was required to take some further action in order for those grievances to be resolved.  Defendant has not established that it is entitled to summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.

      Jury trial is set for March 26, 2012 at 9:30 a.m.  The parties are encouraged to continue their discussions of settlement.  A further telephone conference is set for November 8, 2011, at 8:30 a.m., call to be initiated by Defendant's counsel.

*[signature]*