**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAN T. EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 09 C 4853** |
| | ) | |
| **v.** | ) | **Judge Jorge L. Alonso** |
| | ) | |
| **THOMAS DART and COOK** | ) | |
| **COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Dan Evans sues Thomas Dart, the Sheriff of Cook County, and Cook County for their alleged violations of his Eighth Amendment rights. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. For the reasons set forth below, the Court grants in part and denies in part the motion.

## Background

In 2009, plaintiff filed his initial pro se complaint against "Cook County Dept. of Corrections Dental dept." and "Tom Dart Medical Team," alleging that a dentist at the Cook County Jail extracted one of plaintiff's healthy teeth, rather than the tooth that was causing him pain, and along with other jail personnel ignored his subsequent pleas for pain medication and treatment. (*See* Compl.) In 2010, he filed a amended pro se complaint that contained essentially the same allegations. (*See* Am. Compl.)

In October 2011, plaintiff filed a second amended pro se complaint, against the dentist, various corrections officers, and Sheriff Dart, alleging that the dentist and corrections officers were deliberately indifferent to his dental problem, and "Dart [was] aware of an unconstitutional custom

at the jail, and inadequate dental care for inmates." (2d Am. Compl. ¶ 5.) In December 2011, counsel was recruited to represent plaintiff.

In August 2013, plaintiff's first attorney was given leave to withdraw and plaintiff's current counsel was recruited to represent him.

In April 2014, plaintiff was given leave to file a third amended complaint, which alleges that Sheriff Dart and Cook County were both deliberately indifferent to his dental needs.[1] Defendants contend that they are entitled to judgment as a matter of law on this complaint.

**Discussion**

A Rule 12(c) motion is subject to the same standard as a motion under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Dart, whom plaintiff sues solely in his official capacity as the Sheriff of Cook County, and Cook County can be held liable under 42 U.S.C. § 1983 only if they deprived plaintiff of his constitutional rights pursuant to one of their customs or policies. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 , 690-91 (1978). Dart says he cannot be held liable under this standard

---

[1]Plaintiff also asserted a claim against the dentist who allegedly extracted the wrong tooth, but he voluntarily dismissed that claim in August 2014. (*See* 8/14/14 Minute Entry.)

because the County, not the Sheriff's office, is responsible for providing dental care to the inmates at Cook County Jail. However, *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1989), the case Dart cites to support this assertion, and the allegations of plaintiff's complaint say the reverse. *See id.* at 1187 ("The Cook County Jail, and the Cook County Department of Corrections, are solely under the supervision and control of the Sheriff of Cook County."); 3rd Am. Compl. ¶ 40 ("At all times relevant to this action, Dart was the Sheriff of Cook County and responsible for the custody and care of inmates confined in the Jail").)

Alternatively, Dart argues that he is insulated from liability because he deferred to the treatment decisions of the medical professionals at the County's Cermak and Stroger Hospitals. As Dart notes, however, he can still be held liable if his decision to defer to the County was itself deliberately indifferent, which is precisely what plaintiff alleges. (*See* Mem. Supp. Defs.' Mot. J. Pleadings at 6-7 (citing *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).) Accordingly, Dart's motion is denied.

The County contends that plaintiff's claim against it is time-barred because plaintiff first asserted it in the third amended complaint, filed in February 2014, more than four years after the events underlying this suit. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("In Illinois, the limitations period for § 1983 cases is two years."). Plaintiff contends that his claim against the County relates back to his second amended complaint, which was timely filed in 2011.

The County can be added as a defendant to this suit if the claims against it arise from the same conduct as those against Dart, and the County "'(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning [its] identity.'" *Joseph v. Elan*

*Motorsports Techs. Racing Corp.*, 638 F.3d 555, 557-58 (7th Cir. 2011) (quoting Fed. R. Civ. P. 15(c)(1)(C)). "A party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a defendant at the outset, is in the same position as a defendant sued within the statute of limitations." *Id.*

Though the claim against the County arises from the same events as that against Dart, there is no reason to believe that the County had notice of this claim within the limitations period. As plaintiff admits, the Cook County Sheriff's Office is a municipal entity separate and distinct from Cook County. (*See* Pl.'s Resp. Mot. J. Pleadings at 11); *see also Thompson*, 882 F.2d at 1187. Thus, notice to the former does not constitute notice to the latter. Moreover, there are no allegations in the third amended complaint that support the inference that the County knew about this plaintiff's claim against it within two years of its accrual. Accordingly, plaintiff's claim against the County does not relate back to the second amended complaint, and thus is time-barred.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion for judgment on the pleadings [192]. The motion is granted as to plaintiff's claim against Cook County and denied as to plaintiff's claims against Sheriff Dart.

**SO ORDERED.**                                                    **ENTERED:    March 2, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**

4