IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAN T. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 4853 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| THOMAS DART, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MEMORANDUM OPINION AND ORDER**

Dan Evans sues Thomas Dart, in his official capacity as the Sheriff of Cook County, pursuant to 42 U.S.C. § 1983 for Dart's alleged violations of plaintiff's Eighth Amendment rights. The case is before the Court on Dart's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court denies the motion.

**Facts**

Starting on December 3, 2007, plaintiff was a detainee at the Cook County Jail ("CCJ"). (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 2.) Cermak Health Services, a division of Cook County, provides medical and dental care for CCJ inmates. (*Id.* ¶ 5.)

In 2008, after investigating the medical and dental care provided at CCJ, the U.S. Department of Justice ("DOJ") issued a report that states:

---

[1]In his third amended complaint, plaintiff also sued Cook County and Dr. Thomas Prozorovsky. Subsequently, plaintiff voluntarily dismissed the claims against Prozorovsky and the Court entered judgment on the pleadings for Cook County. (*See* 8/14/14 Minute Entry & 3/2/15 Mem. Op. & Order.)

> CCJ fails to provide adequate dental care to its inmates. . . . Contrary to generally accepted correctional standards, dental care at CCJ is not timely and does not include immediate access for painful or urgent conditions. During our June 2007 onsite visit, we found that there was only one dentist responsible for 9,500 inmates. . . . The dentist's services were limited to extractions and it usually takes about two weeks before the dentist was able to perform any necessary follow-up care. . . .
>
> We also found that the dentist typically was unable to treat inmates with serious or urgent dental needs. We found many instances where inmates complained of tooth abscesses, but the dentist was unavailable to treat their serious dental needs. . . .

(Pl.'s Ex. C, DOJ Rep. at 57.)

After receiving the report, Dart did not do anything to investigate the truth of its findings or take any steps to improve the dental care at the Jail. (Def.'s Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 8.)[2] Dart also did not ask any questions of Cermak's medical or dental directors, or any other person, regarding dental care at the Jail. (*Id.* ¶ 9.)[3]

From 2008 to 2010, Dart held weekly "Accountability Meetings" with representatives of Cook County, including Cermak's medical director. (*Id.* ¶ 10.) However, he never invited Cermak's dental director to attend and did not ask any questions about inmate dental care during the meetings. (*Id.* ¶ 11.)[4] Moreover, Dart did not have any procedures in place to ensure that inmates were receiving adequate and timely dental care. (*Id.* ¶ 12.)[5]

---

[2] Dart, who incorrectly characterizes the facts in this paragraph as "legal argument" but does not otherwise respond to them, is deemed to have admitted them. (*See* Def.'s Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 8; *see also* LR 56.1(a).

[3] Defendant urges the Court to disregard the facts in this paragraph "as Plaintiff has failed to cite properly to the record." (Def.'s Resp. Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 9.) The Court disagrees, and because that is Dart's only response to this paragraph, deems him to have admitted these facts.

[4] *See* n.2.

[5] *See* n.3.

According to Cermak's dental director, there were at least eight dentists and one oral surgeon on site at CCJ before 2007 but, because of County budget cuts, there were only four dentists and no oral surgeons on site at CCJ in 2009 and early 2010. (*Id.* ¶ 13.)[6] In addition, because the Sheriff transported only a limited number of inmates to Stroger Hospital each day and urgent medical needs often took precedence over dental needs, there was a waiting list to see the oral surgeon at Stroger. (*Id.* ¶ 19.)[7]

In March 2009, while detained at CCJ, plaintiff began having tooth pain. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 12.) He says he started submitting health service requests as soon as the pain began. (Pl.'s Ex. F, Evans' Decl. ¶ 9.) Dart says plaintiff filed the first such request on May 26, 2009. (Def.'s LR 56.1(a) Stmt. ¶ 13.) It is undisputed, however, that plaintiff filed grievances on May 26, May 27, and June 1, 2009, seeking dental care for tooth pain that repeated doses of Tylenol had not relieved. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 14; *see* Def.'s Ex. I, Grievances.) On June 4, 2009, Dart gave this response to the grievances: "Per Supv. Withers, detainee has been scheduled for dental visit 6/4/09." (Def.'s Ex. I, Grievances.)

On June 4, 2009, a Cermak dentist, Dr. Prozorovsky, examined plaintiff and determined that tooth #18, which was grossly decayed and nonrestorable, was the source of his pain. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 17.) Prozorovsky pulled the tooth, prescribed pain medication and antibiotics for plaintiff, and scheduled him for a follow-up exam in one week. (*Id.*)

On June 11, 2009, Prozorovsky again examined plaintiff and determined that his wisdom tooth, #17, had to be pulled and an oral surgeon would have to do the extraction. (*Id.* ¶¶ 21-22.)

---

[6]*See* n.2.

[7]*See* n.2.

He prescribed antibiotics and Motrin for plaintiff and completed a consultation request form for an oral surgeon, which he marked "urgent." (*Id.* ¶¶ 24, 26; *see* Def.'s Ex. D, Med. Records at 78.)

On June 19, 2009, plaintiff had another follow-up exam by Prozorovsky, who prescribed another pain reliever, Naproxen. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 27; Def.'s Ex. D, Med. Records at 89.)

On June 23, and July 21, 2009, plaintiff filed grievances asking to be taken to Stroger Hospital for the tooth extraction. (*See* Def.'s Ex. M, Grievances.) In the grievances, plaintiff said he was in constant pain, even with the pain medication, that radiated from his tooth to his left ear. (*Id.*) On July 7, and August 7, 2009, respectively, Dart responded, "Referred to Patient Scheduling & Dental Services" and "Referred to Dental Services." (*Id.*)

On August 7, 2009, plaintiff filed this suit. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 29.)

On August 11, 2009, plaintiff was examined by an oral surgeon at Stroger, who confirmed that plaintiff's wisdom tooth had to be extracted, prescribed a pain reliever, Ibuprofen, for eight weeks, and scheduled the extraction for December 12, 2009. (*Id.* ¶ 30.)

On August 20, 2009, plaintiff was examined by another Cermak dentist, Dr. Taylor, who prescribed antibiotics for three weeks and Motrin for two weeks.[8] (*Id.* ¶ 31; *see* Def.'s Ex. D, Med. Records at 88.)

On August 21, 2009, plaintiff was transferred into the custody of the Illinois Department of Corrections. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 32.) Plaintiff was returned to Dart's custody on October 5, 2009. (*Id.* ¶ 33.)

---

[8]It is not clear why Dr. Taylor prescribed two weeks' of Motrin for plaintiff on August 20, 2009, when, nine days earlier, the oral surgeon had prescribed eight weeks' of the generic version of that drug for him.

4

On November 18, 2009, plaintiff submitted a grievance seeking dental care, which says:

> I have been trying to get medical assistance for my tooth, the pain radiates to my head & eye daily. I've put in medical slips and grievances, I've notified the counselor . . . , told the C/O, put in requests, I need my tooth out its [sic] very painful. If there is a waiting list for the dentist, I need aspirin, [T]ylenol, something until I can be seen.

(*See* Def.'s Ex. N, Grievance.) The Sheriff's response, which plaintiff received on December 3, 2009, was: "Referred to Dental & Administration." (*Id.*)

For reasons not disclosed by the record, plaintiff was not taken to Stroger for oral surgery on December 18, 2009. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 41). Moreover, there is no evidence that suggests plaintiff received any dental care from October 5, 2009, when he returned to Dart's custody, to February 4, 2010, when his tooth was finally pulled. (*Id.* ¶ 42.)

## **Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff alleges that Dart, or more accurately, because he is sued in his official capacity, the Cook County Sheriff's Office, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985), was deliberately indifferent to plaintiff's need for dental care. To defeat defendant's motion, plaintiff must offer

5

evidence that suggests Dart was deliberately indifferent to one of his objectively serious medical needs and the deliberate indifference was the result of a Sheriff's Office custom or policy. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (per curiam) (quotations omitted). A defendant acted with deliberate indifference if "[he] was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Id.*

Defendant's first argument, that plaintiff's dental condition was not an objectively serious medical need, is a non-starter. It is undisputed that in June 2009, Dr. Prozorovsky determined that plaintiff's wisdom tooth had to be pulled by an oral surgeon, he prescribed antibiotics and a pain reliever for plaintiff to treat the tooth pending its extraction, he completed a consultation request form for an oral surgeon that he marked "urgent," and plaintiff was in "severe" pain until the tooth was pulled – eight months later. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 21-24, 26; *see* Def.'s Ex. D, Med. Records at 78; Pl.'s Ex. F, Evans Decl. ¶ 21.) That evidence is sufficient to suggest that plaintiff's need for the tooth extraction was objectively serious. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection.").

Dart also argues that his office cannot be held responsible for the dental care CCJ inmates receive because that care is provided by the County. However, it is "the responsibility of the Sheriff, as the official who controls and supervises Cook County Jail . . . to ensure that the medical needs

6

of inmates are adequately met, regardless of whether, as a practical matter, medical tasks were actually carried out by the Sheriff or delegated to some other agency or entity." *Bramlett v. Dart*, No. 14 C 5939, 2015 WL 4148711, at *2 (N.D. Ill. July 9, 2015) (citations and quotation omitted); *see King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012) ("The County cannot shield itself from § 1983 liability by contracting out its duty to provide medical services."). Thus, the fact that the County actually provides the dental care does not absolve Dart of his responsibility for ensuring that the care is adequate.

Even if he is responsible for the dental care CCJ inmates receive, Dart contends that he is entitled to defer to the treatment decisions of medical personnel. But plaintiff is not claiming that the Sheriff should have second-guessed or overruled the dentists' treatment decisions. Rather, he is arguing that the Sheriff should have ensured that those decisions were effected. Thus, the deference-to-treaters cases do not apply.

Alternatively, the Sheriff argues that the totality of the care plaintiff received for his wisdom tooth negates any inference of deliberate indifference. *See Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) ("As with an Eighth Amendment claim based on the conditions of confinement . . . , we must examine the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to his serious medical needs."). Viewed favorably to plaintiff, the record shows that between June 11, and August 21, 2009, when he was transferred into IDOC custody, plaintiff was examined by two Cermak dentists and an oral surgeon at Stroger, all of whom determined that his wisdom tooth needed to be pulled, he was repeatedly given antibiotics and pain medication, which did not relieve his pain, and was scheduled for an "urgent" tooth extraction in December 2009. It also shows that plaintiff returned to Dart's custody on October 5, 2009, but was

7

not taken to Stroger for the extraction in December and apparently received no treatment at all for his tooth until February 2010, when it was finally pulled. These facts do not, like the ones in *Gutierrez*, suggest a pattern of conscientious treatment punctuated by a few short delays, but a chronic refusal to remove the offending tooth or effectively treat the pain it caused. Accordingly, the totality of care plaintiff received does not vitiate an inference of deliberate indifference.

Lastly, Dart argues that there is no evidence to suggest that any injury plaintiff suffered was the result of one the Sheriff's Office's customs or policies. *See Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (stating that a policy, in the context of § 1983, is (1) an express policy; (2) a practice so permanent and widespread that it has the force of law; or (3) action by a person with final policymaking authority). The Court disagrees. It is undisputed that in 2008, the DOJ found that "CCJ fails to provide adequate dental care to its inmates" and that "[c]ontrary to generally accepted correctional standards, dental care at CCJ is not timely and does not include immediate access for painful or urgent conditions." (Pl.'s Ex. C, DOJ Rep. at 57.)[9] Further, the record shows that Dart did not do anything to investigate the truth of the DOJ's findings, take any steps to improve the dental care at CCJ, or implement any procedures to ensure that inmates were receiving adequate and timely dental care. It also shows that, from 2008-2010, Dart held weekly "Accountability Meetings" with, among others, Cermak's medical director, but did not invite Cermak's dental director to attend or ask any questions about dental care during the meetings. Moreover, Dart admits

---

[9]The Court overrules Dart's hearsay objection to the DOJ letter because the Court relies on it to show that Dart had notice of the DOJ's conclusions. *See* Fed. R. Evid. 802 (defining hearsay as an out-of-court statement offered "to prove the truth of the matter asserted in the statement"); *Martinez v. Cook Cnty.*, No. 11 C 1794, 2012 WL 6186601 at *4 & n.7 (stating that the DOJ letter was admissible to show notice and collecting cases in which similar letters had been admitted for their truth).

that in 2009 there was no oral surgeon on site at CCJ, he only transported a limited number of inmates to Stroger each day and, because medical needs often took precedence over dental needs, there was a waiting list to see the oral surgeon at Stroger. (*See* Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 8-13, 15, 19.)[10] In short, plaintiff has created a triable fact issue as to whether the Sheriff had a policy of providing inadequate dental care to CCJ inmates. *See King*, 680 F.3d at 1021 (7th Cir. 2012) ("If the County is 'faced with actual or constructive knowledge that its agents will probably violate constitutional rights, [it] may not adopt a policy of inaction.'") (quoting *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004)).

## Conclusion

For the reasons set forth above, the Court denies Dart's motion for summary judgment [232]. The parties are ordered to submit their final pretrial order to the Court on October 27, 2015 at 9:30 a.m., at which time the Court will set a trial date.

**SO ORDERED.**                                            **ENTERED: September 24, 2015**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[10]*See* nn 2 & 3.